```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
IN THE MATTER OF THE PETITION OF
FIRE ISLAND FERRIES, INC., AS
OWNER OF THE COURIER FOR THE                       ORDER
EXONERATION FROM AND LIMITATION            11-CV-3475 (DRH)(ARL)
OF LIABILITY
---------------------------------X
A P P E A R A N C E S:

For Petitioner Fire Island Ferries, Inc.:
     Nicoletti Hornig & Sweeney
     Wall Street Plaza
     88 Pine Street
     7th Floor
     New York, New York 10005-1801
          By: David R. Hornig, Esq.

For Claimants:
     Dougherty, Ryan, Giuffra, Zambito
     & Hession
     250 Park Avenue
     Seventh Floor
     New York, New York 10177
       By: John Joseph Hession, Esq.
           Joseph C. Tonetti, Esq.
```

HURLEY, Senior District Judge

Presently pending is a post-trial application by claimants Anastasio Voudouris ("Voudouris"), Kevin Diaz, and Daniel Bustamonti ("claimants") for the Court to accept receipt of proffered rebuttal evidence (see Doc. # 126 at ¶ 19) pertaining to an issue pursued at trial by the parties but the significance of which, in claimants' view, "truly only emerged from 'the clash' of the parties' post trial submissions," (Doc. # 132 at 2). Alternatively, "[c]laimants respectfully request that the Court re-open the record and allow further testimony on this vital issue . . . ." Id.

For the reasons provided infra, each of the alternative prongs of claimants' application is denied.

Background

This case arises out of a July 10, 2011 collision on the Great South Bay just north of Atlantique, Fire Island, New York between a small pleasure craft named the MY DAY OFF TOO ("MDOT") and the Courier, a commercial water taxi owned and operated by Fire Island Ferries, Inc. ("FIF" or "petitioner").

A bench trial was held before the undersigned on September 19, 20, 21, 23 and December 6, 2016. The purpose of the trial was to determine the merits of FIF's petition, brought pursuant to 46 U.S.C. § 3050.1 et seq., to limit its potential liability for claimants' alleged damages to the value of the Courier. After all of the evidence was presented, the parties rested. Post-trial memoranda were then filed consistent with a briefing schedule established by the Court, with the last such submission being received from the parties on March 31, 2017. (Doc. #s 126-129.)

Contained amidst claimants' 13 page reply was a reference to an affidavit and deposition testimony of Voudouris, as well as photos of the MDOT after the collision taken by Voudouris.[1] Following that reference was an application:

---

[1] Copies of the three referenced materials were attached to the reply.

> The [c]laimants respectfully request that the
> Court accept these photos (Trial Exhibit
> "18") as rebuttal evidence, or in the
> alternative re-open the record to allow Mr.
> Voudouris to be examined on this issue.

(Doc. # 126 at ¶ 19.)[2]  No separate application for consideration of this material was made.  The request was brought to the Court's attention when, in a letter dated April 7, 2017, petitioner notified the Court that the "in [claimants'] final submissions to the Court ([i.e.] Doc. #s 126 and 127), they attached deposition transcripts, deposition exhibits, photographs, affidavits and discovery responses none of which were part of the record of this trial."  (Doc. # 130 at 1.)[3]

### Items Claimants Seek to Add to the Record

The items claimants seek to add to the trial record consist of (1) portions of the July 10, 2012 deposition of the operator of the MDOT, the claimant Voudsouris, (2) a March 29, 2017 affidavit of claimant Voudouris discussing his July 10, 2012

---

[2] The Court notes parenthetically that the application in the post trial reply did not request consideration of the Voudouris affidavit and deposition testimony although those materials were included.  So too, claimants' April 17, 2017 letter seemingly limits the request to consideration of the photographs. Nonetheless, as the deposition testimony and affidavit were both submitted to the Court and objected to by petitioner, the Court considers whether they too should be considered.

[3] Claimant Paul LaPera attached discovery responses to his reply submission (see Doc. # 127 at ¶ 29) which were not admitted into evidence at trial.  No application for consideration of this material has been made to the Court; petitioner objects to its consideration.

-3-

deposition, and (3) various photographs of the MDOT taken after its collision with the Courier. The three items are offered to explain why "two of Petitioner's water taxi captains [who responded almost immediately to the accident site] did not observe the running lights of the 'MDOT' as being on <u>after</u> the collision" (Doc. # 132 at 1), viz. they were "destroyed" by the impact. (<u>Id.</u> at 2.)

### Positions of Parties

FIF understandably urges that "[n]o material that was not part of the trial record in this case should be considered by the Court. . . ." (Doc. # 130 at 2.)

In their April 17, 2017 letter response, claimants acknowledge both that (1) the challenged items were "not offered into evidence" at the trial and, as a result, (2) "Petitioner's counsel has had no opportunity to object or comment upon these photographs," but urge that

> the photographs [and presumably the other non-trial offered related items] are highly relevant and were only submitted in rebuttal to [p]etitioner's extremely lengthy opposition of [c]laimants' initial submission, and which opposition largely focused on the post-collision observations by two of [p]etitioner's water taxi captains, that they did not observe the running lights of the "MDOT" as being on after the collision, even if one of them admitted to seeing the bow mounted search light on."

(Doc. # 132 at 1.)

Claimants request that this "oversight" by counsel (<u>id.</u>

-4-

at 2) – not further explained – be excused lest they be prejudiced. Towards that end, as noted earlier, the suggestion is made that an additional written submission by petitioner be permitted, or that the record be reopened to allow further testimony. This proceeding, claimants underscore, was tried nonjury.

<u>Reason Underlying Claimants' Request</u>

Claimants' use of the term "oversight" in their April 17, 2017 letter (Doc. # 132 at 2) is a misnomer. The specifically identified impetus for the current application is to "rebut[] . . . [p]etitioner's . . . opposition to [c]laimants' initial [post trial] submission" vis-a-vis the condition of MDOT's running lights after the accident. (Doc. # 132 at 1; <u>see also</u> Doc. # 126 at ¶ 19 (requesting "that the Court accept these photos . . . as rebuttal evidence, or in the alternative re-open the record to allow Mr. Voudouris to be examined on this issue")).

> The Court Declines to Adopt Claimants' First
> Suggestion That the Proffered Items Simply be
> Added to the Trial Record and That Petitioner
> be Allowed to Submit a Short Reply With
> <u>Accompanying Responsive Materials, if any</u>

Claimant Voudouris testified at the trial. Had his attorney sought then, as he does now, to introduce items (1) and (2), <u>supra</u> – those being Voudouris' July 10, 2012 deposition and an explanatory affidavit – that effort would have been

-5-

problematic in that each of the out-of-court statements appears to be hearsay under Federal Rule of Evidence 801(c), not subject to a recognized exception under Rules 803 or 804.

It may be that claimants have an evidentiary basis to support their request but, if so, they have declined to share it with the Court. Certainly a post-trial afterthought, triggered by a perusal of opposing counsel's post-trial submission, is not an appropriate predicate. Otherwise the very purpose of a trial, including the truth seeking function of cross-examination and the significance of resting one's case, is undermined absent a sufficient countervailing benefit.[4]

> The Court Also Declines to Adopt Claimants'
> Alternative Suggestion, that Being to Reopen
> the Record to Permit Voudouris, and Possibly
> Others, to Testify Further About the Collision
> and Resulting Damage to the MDOT

This suggestion by claimants, unlike the alternative approach just discussed, has a semblance of legitimacy. The "reopening of a case after both sides have rested is a matter within the sound discretion of the trial court." Bradford Trust Co. of Boston v. Merrill Lynch, Pierce, Fenner & Smith Inc., 622 F. Supp. 208, 213 (S.D.N.Y. 1985)(citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 331 (1971)). That this

---

[4] The photographs described in item (3), supra, will be addressed during the discussion of claimants' alternate suggestion to reopen the trial so that Voudouris may re-take the stand.

-6-

case was tried nonjury, if viewed in isolation, favors granting the requested relief as does the desirability of providing litigants with a full opportunity to present their respective positions to the extent consistent with the rules of evidence and of civil procedure. But those two considerations are more than counterbalanced given the following.

(1) <u>Proffered Photographs are not Newly Discovered</u>

The belatedly proffered evidence is not newly discovered. Indeed, the post-collision photographs of the MDOT, which constitute the core of the proffer, are listed in the Joint Pretrial Order. (<u>See</u> Doc. # 132 at 1) ("The photographs in question were identified in the Joint Pretrial Order. . . .").

(2) <u>The Subject of Damage to the MDOT Caused by Collision was Pursued by Claimants During the Trial</u>

The subject photographs are said by claimants to be relevant as showing the damaged condition of MDOT's port side following the collision thereby helping to explain why several witnesses who arrived shortly after the accident did not observe the running lights on that side being illuminated. The arguable significance of that proposed line of inquiry, however, did not escape their counsel's grasp during the trial as evidenced by the following excerpt from John J. Hession, Esq.'s cross-examination of petitioner's witness Christopher Kelly:

>    Q.   You said that you noticed the other

> vessel;[5] the smaller vessel was heavily damaged. Where was the area of damage?
>
> A. On the Bow.
>
> Q. Was the area that was damaged where the port navigation lights would be, Captain?
>
> A. Yes, sir, it could be. I mean, the bow navigation lights are on the bow. In a small pleasure craft they will be there.
>
> Q. Did you see any port navigation light on the other vessel?
>
> A. No, sir.
>
> Q. Is it possible, Captain, that the port navigation light was destroyed in the collision?
>
> MR. RUSSELL: Objection, your Honor.
> THE COURT: Sustained as to what is possible.
>
> Q. Did you observe the damage to the other vessel?
>
> A. I observed that it was heavily damaged.
>
> Q. Okay. Was one of the areas damaged the port side bow?
>
> A. Yes.
>
> Q. And you were not able to observe any running light on that side, correct?
>
> A. No, sir.

Trial Transcript ("Tr.") at 651-52.

Nonetheless the photographs were not shown to witness

---

[5] A reading of the neighboring portions of the transcript indicate that the "other vessel" referenced in the above excerpt is the MDOT.

Kelly or any other witness in any effort to pursue this subject, notwithstanding the high level of competence demonstrated by claimants' seasoned counsel throughout the proceeding. That being so certainly suggests that a decision was made at that time not to offer the photographs – which are not particularly illuminating in and of themselves – into evidence.

(3) Reason Cited to Reopen Record is Insufficient

Although, as noted previously, the reopening of a case after the parties have rested is addressed to the sound discretion of the trial judge, here all that is presented by way of an excuse is (a) the invocation of the conclusory concept of trial "oversight," and (b) the concomitant argument that the need to place the photographs into evidence only become apparent after reading petitioner's initial post-trial memorandum.  Beyond the difficulty inherent in trying to harmonize (a) and (b), the ground advanced does not, given the attendant circumstances, warrant the relief requested. See Bradford Trust Co. of Boston v. Merrill Lynch, Pierce, Fenner & Smith Inc., 622 F. Supp. 208, 214 (S.D.N.Y. 1985)("[T]he Court should not utilize its discretion to grant such relief unless the interests of justice require it, nor should any party be afforded such relief where it has not carried its burden of establishing that its failure to produce the evidence which it now seeks to offer was not the result of its own lack of diligence."); cf. Sequa Corp. v. GBJ

Corp., 156 F.3d 136, 144 (2d Cir. 1998)("Were [plaintiff] merely ruing an oversight of its own in failing to introduce foreseeably relevant evidence, . . ., we would not be inclined to disturb the district court's decision" following a bench trial not to reopen the trial record.).

Claimants have failed to meet their burden of demonstrating that the failure to produce the evidence at issue during trial was not either a conscious choice on their part, or attributable to their own lack of diligence. Either scenario weighs heavily against reopening the trial. As a result, this alternate request is similarly denied.

CONCLUSION

Claimants' two pronged request, as set forth in their post-trial reply (Doc. 126 at ¶ 19) and their letter to the Court dated April 17, 2017 (Doc. # 132) is denied in toto. Accordingly, the Court's decision on petitioner's application to limit its potential liability to the value of the Courier, now sub judice, will be decided on the evidence adduced at trial.

SO ORDERED.

Dated: July 6, 2017
      Central Islip, New York

                                                _____
                                                DENIS R. HURLEY, U.S.D.J.