UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In the Matter of the Petition of Fire Island
Ferries, Inc. as Owner of the Courier for the       **ORDER**
Exoneration from and Limitation of Liability       11-cv-3475 (DRH)(ARL)
----------------------------------------------------------x

**HURLEY, Senior District Judge:**

## INTRODUCTION

Presently before the Court is Claimants' request for a jury trial on the outstanding issue of damages. Petitioner Fire Island Ferries, Inc. ("Petitioner") has filed a response in opposition to Claimants' contention that the trial on damages should proceed before a jury. For the reasons discussed below, the Court declines Claimants' request and will hold a bench trial in this matter.

## BACKGROUND

Petitioner brought this action on July 19, 2011, pursuant to 46 U.S.C. § 30501 et seq., and Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, seeking exoneration from and limitation of liability related to a ferry accident that occurred on July 10, 2011. (Compl. [DE 1] ¶¶1, 6–9.) After several adjournments, and attempting to mediate the matter, the Court held a bench trial on the issue of limitation of liability in March 2017. The Court issued its Findings of Fact and Conclusions of Law on February 5, 2018. Pursuant to the Court's request, Claimants and Petitioner filed pretrial memoranda concerning the contested issue of whether the trial on damages should proceed before a jury.

## DISCUSSION

I. *Applicable Law*

"The Seventh Amendment, which governs the right to a trial by jury does not require jury trials in cases brought within the court's admiralty jurisdiction." *Hamilton v. Unicoolship, Ltd.*, 2002 WL 44139, at *2 (S.D.N.Y. Jan. 11, 2002) (citing *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 20 (1963)). Fed. R. Civ. P. 38(e), concerning the right to a jury trial, provides in relevant part that this rule does "not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)." It is well-established precedent that "jury trials are not available in admiralty actions" with very few exceptions. *See Mayer v. Cornell*, 107 F.3d 3, 3 (2d Cir. 1997). The first exception is when an admiralty claim is joined with a Jones Act claim, which is statutorily and constitutionally required to be tried by a jury. *See Fitzgerald*, 374 U.S. at 20. A second exception is when a claim falls within the "savings to suitors clause," and the plaintiff elects to proceed on the "law side." *Unicool*, 2002 WL 44139, at *2 (citing *Jose v. M/V Fir Grove*, 765 F. Supp. 1037, 1038 (D.Or. 1991)). A third exception is when there is an independent basis for jurisdiction, such as diversity jurisdiction. Finally, admiralty tort or contract cases involving the Great Lakes and coasting trade vessels of 20 or more tons have a statutory right to a jury trial. 28 U.S.C. § 1873.

II. *The Trial as to Damages will Proceed by Bench Trial*

Applying the controlling law to the facts at bar, it is evident that this case must proceed by bench trial. Claimants concede that there is no Jones Act claim, the Parties have not asserted any independent basis for jurisdiction, and the case clearly has no connection to the Great Lakes. Finally, the savings to suitors clause has no bearing on this case because this was brought as a

suit in admiralty and *in rem*. Accordingly, Claimants' request for a jury trial is denied and the outstanding issue of damages will proceed by bench trial.

A telephone conference will be held in this matter on January 15, 2019 at 3:30 P.M. to discuss the bench trial. Petitioner should initiate the call and counsel for both sides shall be on the line before calling Chambers at (631) 712-5650. In the event counsel is unavailable at the scheduled time, s/he shall consult with opposing counsel and provide two alternate dates and/or times by letter filed on ECF no later than January 11, 2019.

**SO ORDERED.**

Dated: Central Islip, New York
January 7, 2019

/s/
Denis R. Hurley
Unites States District Judge