UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In the Matter of the Petition of Fire Island
Ferries, Inc. as Owner of the Courier for the     **MEMORANDUM & ORDER**
Exoneration from and Liability Limitation     11-cv-3475 (DRH)(ARL)
-------------------------------------------------------x

**APPEARANCES:**

**For Petitioner Fire Island Ferries, Inc.:**
Nicoletti Hornig & Sweeney
Wall Street Plaza
88 Pine Street
7th Floor
New York, New York 10005-1801
By:     Guerric S.D.L. Russell, Esq.

**For Claimant Kevin Diaz:**
Dougherty, Ryan, Giuffra, Zambito & Hession
250 Park Avenue
Seventh Floor
New York, New York 10177
By:     John Joseph Hession, Esq.

**HURLEY, Senior District Judge:**

       Presently before the Court is Claimant Kevin Diaz's ("Diaz") motion to dissolve the stay and prior restraining order of this Court, dated July 21, 2011 (DE 5), prohibiting Diaz from filing any other proceedings, to allow him to pursue an action in state court. Petitioner Fire Island Ferries, Inc. ("Petitioner") has filed a response in opposition to Diaz's contention that this Court should allow the case to proceed in state court. For the reasons discussed below, the Court denies Diaz's motion and will proceed with a bench trial to determine damages in this matter.

## BACKGROUND

       Petitioner brought this action on July 19, 2011, pursuant to 46 U.S.C. § 30501 et seq., and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions, seeking exoneration from and limitation of liability related to a ferry accident that occurred on July 10, 2011. (Compl. [DE 1] ¶¶1, 6–9.) The Court held a bench trial on the issue of limitation of liability in March 2017 and issued its Findings of Fact and Conclusions of Law on February 5, 2018. (DE 138.) After considering Claimants and Petitioner's pretrial memoranda concerning the contested issue of whether the trial on damages should proceed before a jury, on January 7, 2019, the Court declined Claimants' request to hold a jury trial. (DE 148.) Nonetheless, Claimants elected to proceed in federal court, without a jury trial, instead of moving forward in state court, explaining that "[i]n the interest of judicial economy, and considering the passage of time since the limitation proceeding has commenced in July of 2011, the Claimants in the case at bar have elected to proceed with the federal court proceeding." (DE 150, 2-3.) Even after all remaining Claimants settled their claims against the Petitioner, Claimant Diaz affirmed his desire to proceed in federal court without a jury. (DE 152 ("[T]he claim by Mr. Kevin Diaz should still be scheduled for a Non-Jury Trial."))

Thus, the Court scheduled the damages trial to begin on May 16, 2019. Just three days before, on May 13, 2019, Diaz filed a letter with the Court requesting a pre-motion conference for a motion to dissolve the stay and allow him to pursue his claim in New York State Court before a jury. (DE 156.) The Court adjourned the damages trial and, after hearing from both parties, allowed Diaz to make his requested motion. During the pre-motion conference, the Court directed Diaz to provide case law specifically addressing the unique procedural posture of the case, *viz.*, Diaz requesting to proceed with a jury trial in state court after twice electing to proceed in federal court. (DE 159-6, 10:7-10.)

## DISCUSSION

The question before this Court is not, as Diaz attempts to frame the issue, whether Diaz has a right to proceed in state court. It is undisputed that Diaz had a right to continue with these proceedings in state court following this Court's denial of limitation of liability, *see In re Pet. of Atlantis Fishing Fleet Corp.*, 2004 WL 3704912, at *3 (E.D.N.Y. Mar. 22, 2004) (collecting cases), and the Court afforded Diaz the opportunity to exercise that right. The question, instead, is whether Diaz has the unfettered right to reverse his previous election to proceed in this Court, on the eve of trial, frustrating his opponent's trial preparation efforts and disrupting this Court's schedule. I conclude the answer to that question is "no" and, at the very least, the current application is addressed to the Court's discretion. *See* DE 159-1; *see also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454 (2001) ("The district courts have jurisdiction over actions arising under the Limitation Act, and they have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court.").

At a pre-motion conference on June 25, 2019, the Court asked Diaz's counsel to provide case law specifically tailored to this procedural juncture rather than boilerplate cases. Nonetheless, the Court received boilerplate cases not specifically addressing the question at hand. Petitioner says it has also looked for specific cases and cannot find any on point. In light of the dearth of relevant case law, we are left with the cases Diaz cites to for the proposition that where there is a sole claimant, the district court should remand a Limitation of Liability case to state court. *See e.g., In re Muer*, 146 F.3d 410, 417 (6th Cir. 1998) (citing *Langnes v. Green*, 282 U.S. 531 (1931); *Ex parte Green*, 286 U.S. 437 (1932)). Having reviewed those cases and agreeing with the overall proposition for which they stand, the Court is unable to identify anything, and indeed Diaz has failed to point to anything, that suggests, given the particular facts

of this case, that this Court must allow Diaz to proceed in state court, despite his previous waiver of that option and concomitant elections to continue in federal court.

It is particularly noteworthy given the main thrust of Diaz's argument that, even after the other claimants settled and Diaz was the only remaining claimant, he again elected to continue in this Court. Diaz has not cited to any case law showing that he has the right to change his mind at the eleventh hour. Diaz is not the only participant in this case—his adversary lost at least $7,000 in expert fees due to this last-minute, unexplained change of heart, and of lesser consequence, this Court lost the time it had set aside to hear this dispute. Given the attendant circumstances, the Court finds it would serve the interests of judicial economy and fairness to retain this case, consistent with Diaz's earlier unequivocal elections.

## CONCLUSION

For the foregoing reasons, Diaz's motion to dissolve the stay and prior restraining order of this Court is denied.

A telephone conference will be held in this matter on December 13, 2019 at 2:30 P.M. to discuss the bench trial. Petitioner should initiate the call and counsel for both sides shall be on the line before calling Chambers at (631) 712-5650. In the event counsel is unavailable at the scheduled time, s/he shall consult with opposing counsel and provide two alternate dates and/or times by letter filed on ECF no later than December 11, 2019.

**SO ORDERED.**

Dated: Central Islip, New York
December 6, 2019

                                                                                /s/ Denis R. Hurley
                                                                                Denis R. Hurley
                                                                                Unites States District Judge