UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In the Matter of the Petition of Fire Island
Ferries, Inc. as Owner of the Courier for the     **MEMORANDUM & ORDER**
Exoneration from and Limitation of Liability     11-cv-3475 (DRH)(ARL)
------------------------------------------------------x

**APPEARANCES:**

**For Petitioner Fire Island Ferries, Inc.:**
Nicoletti Hornig & Sweeney
Wall Street Plaza
88 Pine Street
7th Floor
New York, New York 10005-1801
By:     David R. Hornig, Esq.

**For Claimant Kevin Diaz:**
Dougherty, Ryan, Giuffra, Zambito & Hession
250 Park Avenue
Seventh Floor
New York, New York 10177
By:     John Joseph Hession, Esq.

**HURLEY, Senior District Judge:**

    Presently before the Court is Claimant Kevin Diaz's ("Diaz") notice of appeal (the "Notice of Appeal") of this Court's December 6, 2019 Order (the "December Order") denying Diaz's Motion to Dismiss for Lack of Jurisdiction. (DE 164.) On January 6, 2020, upon Diaz's filing of the Notice of Appeal, the Court directed both parties to file letters with the Court addressing whether the December Order denying Diaz's motion is an appealable order such that Diaz's appeal of that Order divests this Court of jurisdiction. For the reasons discussed below, the Court concludes that it is not divested of jurisdiction and will proceed with a bench trial to determine damages in this matter.

## BACKGROUND

Petitioner Fire Island Ferries ("Petitioner") brought this action on July 19, 2011, pursuant to 46 U.S.C. § 30501 et seq., and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, seeking exoneration from and limitation of liability related to a ferry accident that occurred on July 10, 2011. (Compl. [DE 1] ¶¶1, 6–9.) The Court held a bench trial on the issue of limitation of liability in March 2017 and issued its Findings of Fact and Conclusions of Law on February 5, 2018. (DE 138.) The Court then scheduled the damages trial to begin on May 16, 2019. On May 13, 2019, Diaz filed a letter with the Court requesting a pre-motion conference for a motion to dissolve the stay and prior restraining order of this Court, dated July 21, 2011 (DE 5) (the "Stay"), prohibiting Diaz from filing any other proceedings, to allow him to pursue an action in state court. (DE 156.) The Court allowed Diaz to make his motion, in which he argued that the Court should dissolve the Stay and allow him to proceed with the damages determination in state court. In the December Order, the Court denied Diaz's motion on the grounds that Diaz had already twice elected to proceed in federal court and had not provided any compelling reason why he should have the right to change that election on the eve of trial. (DE 160.) On January 6, 2020, Diaz appealed the December Order. (DE 164.)

## DISCUSSION

The question before this Court is whether Diaz's appeal of the December Order divests this Court of jurisdiction. The answer to that question is no.

As an initial matter, a court of appeals only has jurisdiction over appeals from "final decisions," with limited exceptions. 28 U.S.C. § 1291, 1292. Diaz contends that his appeal of the December Order is an appeal of a "maritime proceeding[] under 28 U.S.C. § 1292(a)(3), in which liability has already been determined, but damages not yet determined by a trier of fact,"

and an appeal under 28 U.S.C. § 1292(a)(1) as an appeal "of an order refusing to dissolve an injunction." (DE 166 at 1-2.)

    I.    *28 U.S.C. § 1292(a)(3)*

One exception to the "final decision" rule is the admiralty exception, which provides for appellate jurisdiction over "[i]nterlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." 28 U.S.C. § 1292(a)(3). "The original and still central purpose of section 1292(a)(3) is to allow the determination of liability to be appealed before relief is ordered." *Deering v. Nat'l Maint. & Repair, Inc.*, 627 F.3d 1039, 1042 (7th Cir. 2010).

As Petitioner points out, "[t]here are three prerequisites to invocation of interlocutory appellate jurisdiction under Section 1292(a)(3): (1) the underlying case must be an admiralty case in which appeals from final decrees are allowed; (2) the appeal must be from an interlocutory order or decree of the district court; and (3) the order or decree must have determined the rights and liabilities of the parties." *Chem One, Ltd. v. M/V Rickmers Genoa*, 660 F.3d 626, 638 (2d Cir. 2011) (internal quotations and citations omitted).

As Petitioner notes, "the crucial inquiry for purposes of Section 1292(a)(3) is whether the district court's judgment has determined the rights and liabilities of the parties, which … means deciding the merits of the controversies between them." *Chem One*, 660 F.3d at 638 (internal quotations and citations omitted). "Although section 1292(a)(3) does not say that *all* rights and liabilities of the parties must be decided before an appeal can be taken, most cases say that its application should hew closely to the original purpose." *Deering*, 673 F.3d at 1042 (emphasis in original).

Diaz, pointing to *Chem One*'s explanation that "the plain language of Section 1292(a)(3) 'does not say that all rights and liabilities of all the parties must be decided before an appeal can be taken,'" argues that the Second Circuit adopted an expansive view of 28 U.S.C. § 1292(a)(3), which "provides for an interlocutory appeal in admiralty of any decree that determines 'the rights and liabilities of the parties' as long as it resolves a fairly separable claim or disposes of all matters involving a single party, as was done by the Court's December 6, 2019 Order." (DE 166 at 2 (citing *Chem One*, 660 F.3d at 640).)

While it is true that the Second Circuit did adopt a more expansive view of § 1292(a)(3) in *Chem One*, the "expansive" interpretation is not so broad as to accommodate Diaz's argument that the December Order, which does not pertain to the rights and liabilities of the parties, is appealable under § 1292(a)(3). As the Second Circuit explained when adopting the majority view in *Chem One*, "Section 1292(a)(3) permits an interlocutory appeal when rights and liabilities have been determined between two or a number of parties." 660 F.3d at 640 (internal quotations and citations omitted.) This was in response to the moving parties' argument that the Second Circuit lacked jurisdiction over the appeal "because the District Court ha[d] not determined all of the rights and liabilities of all of the parties." *Id*. at 639 Thus, the "expansion" adopted by the Second Circuit allows an interlocutory appeal where rights and liabilities have been determined between two parties, even though rights and liabilities remain to be determined between other parties in the action.

Diaz's arguments might be relevant if he were appealing the Court's decision regarding limitation of liability. The December Order, however, did not determine the rights and liabilities of any parties. It merely reinforced Diaz's election to proceed in federal court and did not pertain to the limitation of liability issue or otherwise decide the merits of the controversies between the

parties. Thus, the December Order is not subject to the admiralty exception outlined in 28 U.S.C. § 1292(a)(3).

   II.     *28 U.S.C. § 1292(a)(1)*

Another exception to the "final decisions" rule is for interlocutory orders related to injunctions. Section 1292(a)(1) provides for appellate jurisdiction over "[i]nterlocutory orders of the district courts … granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1292(a)(1).

The Court agrees with Petitioner's assessment that the December Order did not decide whether the stay of proceedings should be lifted, but whether Diaz had the right to reverse his previous elections to proceed in federal court. Indeed, the cases Diaz cites in support of his 28 U.S.C. § 1292(a)(1) argument involve appeals of orders that pertain to modifications (or refusals to modify) injunctions. (DE 166 at 3.) Those cases are therefore inapposite to the circumstances here.

Accordingly, because the December Order did not "grant[], continu[e], modify[], refus[e] or dissolve[e] [an] injunction[], or refus[e] to dissolve or modify [an] injunction[]," it is not appealable under 28 U.S.C. § 1292(a)(1).

## CONCLUSION

For the foregoing reasons, the December Order is not subject to appellate jurisdiction under either 28 U.S.C. § 1292(a)(1) or 28 U.S.C. § 1292(a)(3). This Court therefore continues to have jurisdiction over this case, despite Diaz's appeal.

**SO ORDERED.**

Dated: Central Islip, New York
January 16, 2020

    /s/ Denis R. Hurley
Denis R. Hurley
Unites States District Judge